UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:18-cr-20800

HONORABLE STEPHEN J. MURPHY, III

v.

D-1 RAJENDRA BOTHRA,
D-3 GANIU EDU,

        Defendants.
                               /

**OPINION AND ORDER
DENYING MOTION TO STRIKE SURPLUSAGE [343]**

Defendants are two physicians who were licensed to practice medicine in Michigan. ECF 1, PgID 6–8. Each Defendant was named in a 56-count indictment the Court ordered unsealed in late 2018. *See generally* ECF 1; 9. Defendants were charged with health care fraud conspiracy under 18 U.S.C. § 1349; aiding and abetting health care fraud under 18 U.S.C. §§ 2 and 1347; conspiracy to distribute and possess with intent to distribute controlled substances under 21 U.S.C. §§ 841(a)(1) and 846; and aiding and abetting the unlawful distribution of controlled substances under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See generally* ECF 1. Both Defendants are scheduled for trial on May 17, 2022. ECF 329, PgID 2405.

One Defendant, Dr. Rajendra Bothra, moved to strike surplusage in the indictment. ECF 343. Another Defendant, Dr. Ganiu Edu, filed a notice of joinder and concurrence in Dr. Bothra's motion.[1] ECF 345. The Court will deny the motion.[2]

## BACKGROUND

Dr. Bothra owned and operated two professional limited liability companies—The Pain Center and The Interventional Pain Center—located in Southeast Michigan. ECF 1, PgID 6. The two facilities were participating providers with Medicare and Medicaid and would submit claims for reimbursement to the federal programs. *Id.* Drs. Bothra and Edu were licensed physicians in Michigan and enrolled as participating providers with Medicare at the two companies. *Id.* at 6–8. All six indicted Defendants were also licensed by the Drug Enforcement Administration to prescribe controlled substances. *Id.*

More than half the counts in the indictment involve health care fraud charges. *See generally* ECF 1. And Defendants' motion challenges language related to those charges. In particular, Defendants believe that the following three phrases in the indictment are surplusage and should be stricken. The first phrase is in the general allegations section of the indictment. ECF 1, PgID 2. It states, "the submission of claims for more than $182.5 Million to Medicare, $272.6 Million to Medicaid, and $9.2 Million to Blue Cross/Blue Shield of Michigan." ECF 343, PgID 2530–31; ECF 1, PgID

---

[1] Two Co-Defendants pleaded guilty and will not face trial. ECF 301; 364. Two other Co-Defendants did not join or concur in the motion but will go to trial with Defendants on May 17, 2022.

[2] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* E.D. Mich. L. Crim. R. 12.1; E.D. Mich. L.R. 7.1(f)(2).

2. The second phrase is in the health care fraud conspiracy count and explains, "It was the purpose of the scheme for the defendants to unlawfully enrich themselves." ECF 343, PgID 2530–31; ECF 1, PgID 9. The third phrase is in each of the aiding and abetting health care fraud counts and describes how the fraud was allegedly conducted by "diverting proceeds of the fraud for the personal use and benefit of the defendants." ECF 343, PgID 2530–31; ECF 1, PgID 10, 12, 15, 17, 20, 22, 25.

Defendants argued that the phrases equate wealth with wrongdoing and are thus highly prejudicial. *See generally* ECF 343-1. Defendants also asserted that the phrases are unnecessary. *See generally id.*

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 7(d), "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." In general, Rule 7(d) is used "when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). But "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quotation omitted).

Because the plain text of Rule 7(d) is permissive rather than mandatory, "[t]he striking of language from an indictment as being surplusage addresses itself to the sound discretion of the district court." *Kemper*, 503 F.2d at 329 (citation omitted).

Rule 7(d) has also been "strictly construed against striking surplusage." *Id.* (footnote omitted).

## DISCUSSION

The first phrase is clearly not strikable under Rule 7(d). The Government will introduce evidence of the transactions that caused the dollar amounts listed in the phrase to change hands. And the Government must introduce evidence of the transactions to show either that Defendants completed the transactions or attempted to complete the transactions. Admitting the dollar amounts of the transactions, as summed in the phrase, is therefore unavoidable and necessary. Because the Government must put forth evidence on the transactions at trial, the Court cannot strike the phrase containing the dollar amounts even if the phrase is somewhat prejudicial. *Moss*, 9 F.3d at 550.

The second phrase, contained in the conspiracy count, is not surplusage because the phrase is relevant information that the Government will use to prove that there was an agreement and common plan among the co-conspirators. In addition, the phrase simply states the obvious and is therefore not so prejudicial as to require invoking Rule 7(d). The purpose of nearly every conceivable fraud is some form of unlawful enrichment, so to include the term "unlawful enrichment" in the indictment does not create any prejudice that could "impress the jurors." *Kemper*, 503 F.2d at 329. The final phrase is not surplusage for the same reason. Nearly every conceivable fraud is for the purpose of the alleged fraudster's personal use and benefit. Including the phrase "personal use and benefit," *e.g.*, ECF 1, PgID 10,

4

therefore does not create any prejudice that could "impress the jurors." *Kemper*, 503 F.2d at 329.

The cases cited by Defendants do not convince the Court that any of the phrases are strikable under Rule 7(d). ECF 343-1, PgID 2545 (citing *United States v. Gupta*, 747 F.3d 111, 138 (2d Cir. 2014), *United States v. Bill Harbert Intern. Const. Inc.*, 608 F.3d 871, 896–98 (D.C. Cir. 2010), *United States v. Pac. Gas & Elec. Co.*, No. 14-cr-00175, 2016 WL 3742516, at *3 (N.D. Cal. July 13, 2016)); *see also* ECF 354 (citing the same cases). After all, those cases addressed whether evidence was inadmissible based on undue prejudice under Federal Rule of Evidence 403. *Bill Harbert Intern. Const. Inc.*, 608 F.3d at 896–98; *Pac. Gas & Elec. Co.*, 2016 WL 3742516, at *3.[3] But those cases are not on point because, as explained above, the Court cannot strike the phrase based simply on prejudice. *See Moss*, 9 F.3d at 550. To be sure, Defendants cited no case that allows the Court to strike *legally relevant* allegations from an indictment solely based on prejudice.

## CONCLUSION

At bottom, given that the phrases merely state information that the Government will introduce evidence on at the trial or describe the common understanding of a fraud, the Court will, in its discretion, deny the motion to strike. *Id.*

---

[3] The relevance of *Gupta* is unclear because the issue of "wealth" in that case dealt with admissibility under Evidentiary Rule 106. 747 F.3d at 138–39.

5

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to strike surplusage [343] is **DENIED**.

**SO ORDERED.**

                                    s/ Stephen J. Murphy, III
                                    STEPHEN J. MURPHY, III
                                    United States District Judge

Dated: May 13, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 13, 2022, by electronic and/or ordinary mail.

                                    s/ David P. Parker
                                    Case Manager